**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF ALABAMA**
RECEIVED
**Montgomery Division**

2013 JUL 16  P 3:51

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

**JOE FAULK,**                                    )
                                                  )
**Plaintiff**                                     )    Civil Action No. 2:13-cv-503
                                                  )
                                                  )
                                                  )
**v.**                                            )
                                                  )
                                                  )
**MIDLAND FUNDING LLC**                           )
                                                       **JURY TRIAL**
                                                       **DEMANDED**

**Defendant**

## COMPLAINT

This action arises out of the efforts of the defendants, a debt collector to collect a debt which was claimed to be due from the plaintiff, Joe Faulk. Midland Funding LLC, (Herein referred to as Midland Funding) a company which buys and collects alledged delinquent debts, acting through its attorneys, filed a lawsuit against Joe Faulk in the Elmore County Circuit Court seeking to collect this alleged debt. They did this with knowledge that the claimed debt was disputed, without seeking verification as required by the FDCPA, without having evidence to back up their claims and without even having evidence to show that Midland Funding had standing to assert these claims. Shortly after Midland Funding filed sued Joe Faulk answered the complaint Pro Se and denied the alleged debt citing that he could not verified the charges.

This pattern -- filing suit when the debt is disputed without even verifying the debt is correct and having no evidence to support the claim and with no intention to go to trial -- is

common with debt buyers such as Midland Funding.

Midland Funding purchases these alleged debts from banks and other financial institutions with "No Recourse", and with no guarantees that the debts are even legitimate. Midland Funding filed the lawsuit against Joe Faulk knowing that the debt was disputed and without even verifying the debt was accurate. Furthermore they did not have the evidence to prove their claims in court in the hope that they could use the lawsuit to get money from him without going to trial and /or having sufficient evidence to support the lawsuit, either by getting a default judgment or by getting him to agree to make payments. It didn't work in this case only because Joe Faulk contested their claims.

These actions violated Joe Faulk's rights under the Fair Debt Collection Practices Act, 15 U.S.C. §1692 et seq., and in this action he is asserting claims against the defendants under that Act. He also seeks damages for wanton or willful misconduct under Alabama law. He also seeks actual, statutory and punitive damages and his costs and attorney's fees in this action.

## Jurisdiction and Venue

1. This Court has jurisdiction to hear the plaintiff's claims under the Fair Debt Collection Practices Act (FDCPA) under 15 U.S.C. §1692k(d) and under 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the plaintiff's claims for wanton and willful misconduct under 28 U.S.C. §1367(a).

3. Venue is proper in the Middle District of Alabama because "a substantial part of the events or omissions giving rise to the claim occurred" in this district. 28 U.S.C. §1391(b)(2).

## Parties

2

4. The plaintiff, Joe Faulk, is an adult resident of Elmore, Alabama, which is located in Elmore County.

5. Defendant Midland Funding is a Foreign Limited Liability Company with its principal offices located at 8875 Aero Dr. Ste. 200 San Diego, California. Among other things, Midland Funding is engaged in the business of buying and collecting alleged delinquent debts.

## Statement of Facts

6. On or about April 20th, 2012, Midland Funding filed a lawsuit against the plaintiff, Joe Faulk, in the Elmore County District Court. The case was styled Midland Funding *LLC v. Joe Faulk*, Case No. *DV-2012-900150* (hereafter referred to as "the Elmore County lawsuit").

7. Service was not perfected on Faulk until August 1, 2012 and on August 9th Faulk filed an answer Pro se denying the debt.

8. In the Elmore County lawsuit Midland Funding sought a judgment in the amount of $3,898.23, plus court costs.

9. On July 1, 2013 Midland Funding's case was set for trial.

10. On July 1, the case was called and attorneys for both parties appeared.

14. When said case was called for trial Midland Funding attorney moved to dismiss case with prejudice.

15. At no time up to and including the date of the hearing on July 1, 2013, did Midland Funding have evidence sufficient to establish that Faulk owed Midland Funding the amounts they claimed.

17. On information and belief, at no time up to and including the date of the hearing on July 1, 2013 Midland Funding have evidence sufficient to establish tha Midland Funding was the

3

rightful owner of the allegd debt at issue and that it was entitled to collect any sums which might be due under that debt..

18.  When Midland Funding filed the Elmore County lawsuit, they had no intention of obtaining the evidence which might be needed to establish Midland Funding's claims in court, and they had no intention of taking that suit to trial and putting on evidence to establis Midland Funding's claims.  Instead, their goal was to obtain either a default judgment or an agreement from Faulk to pay the sum claimed or some lesser sum.

19.  The strategy described above is one which is commonly followed by debt buyers and their counsel when they file lawsuits to collect debts without having the evidence to establish their claims.

20.  On information and belief, the strategy described above is one which is commonly followed by Midland Funding in the lawsuits they file to collect alleged debts.

21.  As a result of Midland Funding having filed the Elmore County lawsuit, Faulk was forced to spend a great deal of time working on this case to defend his interests.

22.  Faulk incurred expenses in defending the Elmore County lawsuit for attorney's fees in the amount of $1,000.00.

23.  As a result of the actions of Midland Funding as described in this Complaint, Faulk, who at the time was and is the Chairman of the Elmore County Commission suffered the stress, embarrassment and humiliation of having to defend himself in a lawsuit seeking money he did not owe and of having to incur a fee to his attorney. Furthermore these actions of the defendants caused Faulk emotional distress, anger, shame, frustration, fear and humiliation for the duration of the underlying lawsuit.

**First Cause of Action:**

4

**Violations of the FDCPA**

All of the allegations of fact set forth above are incorporated into this First Cause of Action as if fully set forth herein.

24. With regard to the collection of the amounts claimed to be owed to Midland Funding by Faulk, as described in this Complaint, plaintiff Faulk was a "consumer" within the meaning of the Fair Debt Collection Practices Act (FDCPA). 15 U.S.C. §1692a(3).

25. In its actions to collect this alleged debt from Faulk, as described above, defendant Midland Funding was a "debt collector" within the meaning of the FDCPA. 15 U.S.C. §1692a(6).

26. In its efforts to collect money claimed to be due from Faulk, as described in this Complaint, the defendant violated the provisions of the Fair Debt Collection Practices Act in numerous ways, including the following:

(a) making false, deceptive or misleading representations in connection with the collection of a debt, in violation of §1692e;

(b) using an unfair or unconscionable means to attempt to collect a debt, in violation of §1692f;

(c) misrepresenting the amount owed, in violation of §§1692e(2)(A), 1692e(10) and 1692f; and

(d) threatening to collect and attempting to collect any amount which is not expressly authorized by an agreement creating the debt or permitted by law, in violation of §1692f(1).

(e) failing to verify that the alleged debt was owed by Faulk.

It is possible that the defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes

5

available during the course of discovery in this action.

27. The actions of Midland Funding , as described in this Complaint, forced Faulk to spend time working on and worrying about how to deal with their lawsuit, caused him to incur attorney's fees in the amount of $1,000.00, and caused him stress which resulted in emotional distress, anger, shame, frustration, fear and humiliation.

WHEREFORE, the plaintiff, Faulk, by counsel, hereby asks this Court to grant him the following relief under her First Cause of Action:

(a) judgment in favor of Joe Faulk and against defendant Midland Funding for his actual damages suffered as a result of the defendants' actions, as provided by 15 U.S.C. §1692k(a)(1);

(b) judgment in favor of Joe Faulk and against defendant Midland Funding in the amount of $1,000 in statutory damages, as provided by 15 U.S.C. §1692k(a)(2)(A);

(c) an award of his costs and attorney's fees in this action, as provided by 15 U.S.C. §1692k(a)(3); and

(e) such other and further relief as to this Court shall seem just and proper.

### Second Cause of Action:
### Wanton or Willful Misconduct

All of the allegations of fact set forth above are incorporated into this Second Cause of Action as if fully set forth herein.

28. The actions taken by the defendant in attempting to collect the alleged debt from Faulk, as described above, were actions taken in knowing or reckless violation of Faulk's legal rights.

29. The actions taken by the defendant, as described above, are pattern and practice of actions designed to make money through abusive and potentially unlawful tactics which Midland Funding knew or should have known were abusive, and potentially unlawful and would cause

6

Faulk financial loss and other harm.

30. The actions of the defendant, as described above, did in fact cause Faulk to suffer financial loss and emotional distress.

WHEREFORE, the premises considered, the plaintiff, Joe Faulk, by counsel, asks this Court for the entry of judgment against defendant Midland Funding for wanton or willful misconduct, in an amount sufficient to compensate him for his damages suffered as a result of their actions. In addition, the plaintiff asks this Court for the entry of a judgment against this defendant for such additional punitive damages as may be determined to be just, proper and appropriate by this Court.

### Jury Trial Demanded

In accordance with Rule 38 of the Federal Rules of Civil Procedure, the plaintiff hereby demands a jury trial of the issues in this action.

Respectfully submitted,

/s/William D. Azar
William D. Azar(AZA005)

/s/William D. Azar
William D. Azar (AZA005)
Attorney for plaintiff Joe Faulk
William D. Azar Attorney PC
ASB3731Z59W
800 South McDonough St.
Montgomery, Al. 36104
(334)269-9700
Fax 263-3988
wdazar@al-lawyers.com

7

8