IN THE UNITED STATE DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

JOE FAULK,

      Plaintiff,

v.

MIDLAND FUNDING LLC,

      Defendant.

Case No. 2:13-cv-503-MEF

---

## MIDLAND FUNDING LLC'S MOTION TO DISMISS JOE FAULK'S AMENDED COMPLAINT AND SUPPORTING BRIEF

Midland Funding, LLC moves this Court to enter an order dismissing Joe Faulk's claims with prejudice under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

## INTRODUCTION

After Midland filed a motion to dismiss Plaintiff Joe Faulk's original complaint, Faulk amended his complaint. But his amended complaint fails for the same reasons that his original complaint failed: his theories of recovery are unsupported in both law and fact. It is not a violation of either federal or state law to file a state court debt collection complaint without evidence in hand to prove the case. All Faulk has really added to his allegations are the phrase "knew or should have known," vague references to "deception," and an additional state law claim in an attempt to get around the case law Midland cited in its motion to dismiss. The federal pleading rules, however, require more to state a claim: a plaintiff must

1

allege *plausible facts* giving rise to the claim. It does not suffice to repeat boilerplate legalese and nakedly impute bad motives to one's adversary.

Even with the additions to his original complaint, Faulk still asks this Court to create a federal tort under which a represented debtor can reach a mutually satisfactory resolution of a debt collection lawsuit before trial but then sue the creditor because it did not instead insist on trying the case. In enacting the Fair Debt Collection Practices Act (FDCPA), though, Congress sought only to deter abusive debt collection practices; it had no intention to have the federal courts police state courts in all matters related to debt collection. Hence the FDCPA does not cover garden-variety collection suits filed in state court and in compliance with state court pleading rules. And even if it did, an FDCPA claim must be predicated upon a misrepresentation or unconscionable practice. Faulk has identified neither, so his claim fails both as a matter of law and for failure to allege sufficient facts to state a plausible claim.

Faulk's first two state law claims—wanton or willful misconduct and the negligent, wanton, or reckless hiring and supervision—fail for an even simpler reason: Alabama does not recognize a tort claim for economic loss against a party to a previous lawsuit. If it did, every losing plaintiff (a label that would not even apply to Midland here) would face a claim for the attorney fees and time spent by the defendant in defending the lawsuit. This is not the law in Alabama. Faulk's state law malicious prosecution claim fails because not only does he fail to allege facts suggesting that Midland lacked probable cause to pursue, and acted maliciously in

2

pursuing, the debt collection action against him, but also because a mutual resolution fails to satisfy Alabama's favorable termination requirement for malicious prosecution claims. Accordingly, his state law claims should be dismissed as well.

## MOTION TO DISMISS STANDARD

A motion to dismiss mainly tests the legal sufficiency of a complaint. Fed. R. Civ. P. 12(b)(6). It "does not delve into disputes over the proof of the facts alleged." *Blake v. Bank of Am., N.A.*, 845 F. Supp. 2d 1206, 1208 (M.D. Ala. 2012). District courts accept as true all well-pleaded factual allegations in the complaint, viewing them in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). "And while a court typically keeps its motion to dismiss inquiry within the four corners of the complaint, the Court may nonetheless consider an outside document when it is undisputed and central to the plaintiff's claims." *Galloway v. City of Abbeville*, 871 F. Supp. 2d 1298, 1301 (M.D. Ala. 2012) (Fuller, J.) (internal citation omitted). A court should grant a motion to dismiss "when, on the basis of a dispositive issue of law, no construction of the factual allegations will support the cause of action." *Marshall Cnty. Bd. of Ed. v. Marshall Cnty. Gas Dist.*, 992 F.2d 1171, 1174 (11th Cir. 1993).

Dismissal is also appropriate when a plaintiff fails to comply with some minimal pleading standards. So although a claim need only contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), the plaintiff must still allege "enough facts to state a claim to relief

that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 554, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559. Nor will allegations that merely leave "open the possibility that a plaintiff might later establish some set of undisclosed facts to support recovery." *Id.* at 561.

### FACTUAL ALLEGATIONS & PROCEDURAL BACKGROUND

### 1.    The state court suit filed by Midland against Faulk

Midland sued Faulk in the District Court of Elmore County, Alabama in April 2012. (Am. Compl., ECF No. 14, at ¶ 6.) The complaint alleged that Faulk owed $3,851.34 on a credit card issued by Capital One; that Faulk defaulted on the debt; and that Faulk, "to the best of [Midland's] knowledge," never disputed the charges. (State Ct. Compl., Ex. 1, at 2.)[1] Midland alleged that it had a right and standing to collect the debt after receiving an assignment from Capital One. (*Id.*)

Faulk filed an answer of general denial. (Am. Compl. ¶ 7; Faulk Ans., Ex. 2.) In the section asking Faulk to explain briefly the reasons for his denial, he wrote, "I can not [*sic*] confirm the charges in this complaint." (Faulk Ans.) In his answer, he

---

[1] Even though this is a Rule 12(b)(6) motion, the Court may consider the documents filed in state court because the documents are referred to in Faulk's complaint, their authenticity cannot be disputed, and they are essential to Faulk's claims. *See, e.g., Brooks v. Blue Cross & Blue Shield of Fla., Inc.*, 116 F.3d 1364, 1369 (11th Cir. 1997); *Galloway v. City of Abbeville*, 871 F. Supp. 2d 1298, 1301 (M.D. Ala. 2012) (Fuller, J.).

did not explicitly dispute incurring the debt with Capital One or take issue with the amount that Midland claimed he owed.[2] (*Id.*)

After the pleading stage, the state district court called the case for trial, and attorneys for both Midland and Faulk appeared. (Am. Compl. ¶ 10.) The state court's judgment reflects that, "counsel for [the] parties appeared and announced resolution" of the matter, which, in turn, caused the court to dismiss the case with prejudice. (Elmore Cnty. Dist. Ct. Or., Ex. 3.)

## 2. Faulk's suit against Midland under the FDCPA and Alabama state law

After Midland and Faulk jointly resolved the state court debt collection suit, Faulk sued Midland and alleged that Midland filed the state court action and appeared at trial without sufficient evidence to establish that Faulk owed the amounts claimed. (Am. Compl. ¶¶ 15, 17.) Faulk further alleged that when Midland filed the state court action, Midland had no intention of obtaining the evidence that it needed to establish its claims in court. (*Id.* at ¶ 18.) Midland's strategy in filing the state court collection case, according to Faulk, "was to obtain either a default judgment or an agreement from Faulk to pay the sum claimed or some lesser sum." (*Id.*) Faulk also repeatedly recites that Midland "knew or should have known" that he did not owe the debt that Midland sought to collect (*see, e.g., id.* at ¶¶ 15, 18–19,

---

[2] Throughout his amended complaint, Faulk recites that he "denied ever owing any debt as claimed by Midland Funding." (Am. Compl. ¶ 7.) Nowhere does he allege that he ever communicated this denial to Midland before Midland filed the state court debt collection action.

26(a)–(b)), but provides no allegations about why Midland should have had this knowledge.

Faulk makes no mention of whether he ever incurred the underlying debt to Capital One. And he does not allege that he ever disputed the debt at some time before Midland filed the collection suit. Nor does Faulk point to any allegation in Midland's state court complaint containing a false statement and explaining why the statement was false. Yet he asserts claims against Midland for misrepresentation and using unconscionable means to collect a debt under the FDCPA (Am. Compl. ¶¶ 24–27), and for "wanton or willful misconduct," "negligent, wanton, and/or reckless hiring, training, and/or supervision," and malicious prosecution under Alabama law (*id.* at 28–37).

## ARGUMENT

Congress enacted the FDCPA to eliminate abusive debt collection practices. 15 U.S.C. § 1692(a). The statute covers conduct like using or threatening violence to collect a debt, *id.* § 1692d(1); lying about the amount of the debt owed, *id.* § 1692e(2)(A); and collecting more than the amount of debt owed, *id.* § 1692f(1).[3] However, the FDCPA neither outlaws debt collecting nor is it unlimited: it leaves available to debt collectors "[m]eans other than misrepresentation or other abusive debt collection practices" to collect debts. 15 U.S.C. § 1692(c). This accomplishes Congress's purpose "to insure that those debt collectors who refrain from using abusive debt collection practices"—for example, by using the judicial process to

---

[3] This is not an exclusive list.

collect a debt instead of threatening violence, making annoying phone calls, or lying to debtors—"are not competitively disadvantaged." *Id.* § 1692(e).

The question here is whether this Court wants to add filing a state court collection lawsuit to the list of practices triggering liability under the FDCPA. It should refrain from doing so. The plain language of the FDCPA precludes this result, as does its stated purposes. Indeed, there "is no indication whatsoever that Congress considered state law legal remedies to be 'abusive.'" *McKnight v. Benitez*, 176 F. Supp. 2d 1301, 1305 (M.D. Fla. 2001). State courts, moreover, have adequate measures in place to protect against abusive debt collection suits. More important still, allowing debt collection through state judicial proceedings furthers Congress's intent "to promote consistent State action to protect consumers against debt collection abuses." *Id.* § 1692(e). For these reasons, the FDCPA does not cover the allegations made by Faulk and his statutory claim should therefore be dismissed.

As for his first two state law claims, there is simply no freestanding tort claim for "willful or wanton misconduct" or insufficient employee supervision based on the filing of a lawsuit. If there were, every losing plaintiff (and even jointly settling plaintiffs, like Midland) would be exposed to tort liability in Alabama. And just as Faulk is doing here, each would seek recovery for attorney fees and time spent defending the underlying collection lawsuit, thereby turning on its head the "American rule"[4] that is an essential tenet of our legal system. This Court,

---

[4] The "American rule," of course, is "[t]he requirement that each litigant must pay its own attorney's fees, even if the party prevails in the lawsuit." *Black's Law Dictionary* 82 (7th ed. 1999).

moreover, has held that non-statutory claims for pure economic loss, which is what Faulk asserts here, must sound in contract under Alabama law. Finally, Alabama law precludes recovery on a malicious prosecution claim following a settlement. Consequently, the Court should dismiss Faulk's state law claims as well.

## I.  Faulk's FDCPA claims fail as a matter of law because he failed to plead the elements of an actionable claim.

Faulk brings claims under two separate sections of the FDCPA—§ 1692e and § 1692f. Each section governs different activities related to debt collection and thus the elements of each claim differ. But even assuming the truth of the allegations in Faulk's complaint, he has failed to state a claim under either section.

### A.  Because § 1692e does not apply to state court complaints, and since Faulk in any event failed to allege that Midland made a false representation to him, his claim under § 1692e fails as a matter of law.

Section § 1692e covers false representations used to collect a debt. Faulk relies on two of § 1692e's subsections—§ 1692e(2)(A) and § 1692e(10)—in his complaint against Midland. To state a claim under § 1692e(2)(A), a plaintiff must allege a false representation of "the character, amount, or legal status of any debt." To state a claim under § 1692e(10), the plaintiff must allege the debt collector used a "false representation or deceptive means" to collect a debt.

But Faulk's attempts to invoke these two subsections are not based upon an allegedly false statement in Midland's complaint. Instead, the entire section of factual allegations in Faulk's complaint is based on Midland's purported litigation strategy—i.e., that Midland filed a complaint in state court without "evidence

8

sufficient to establish that Faulk owed Midland" the amount stated in its complaint.[5] (Am. Compl. ¶ 15.) Against this backdrop, he has failed to state a claim under either subsection of § 1692e for the following three reasons.

1. **Because a state court complaint is not a communication governed by the FDCPA, Faulk's claim fails as a matter of law.**

A collection complaint filed in state court is not a communication governed by § 1692e of the FDCPA.[6] "The FDCPA focuses solely on a debt collector's communication to the consumer." *Gray v. Suttell & Assocs.*, No. 09-cv-251, 2012 WL 1067962, at *3 (E.D. Wash. Mar. 28, 2012). "[T]he 'natural consequence' of filing a lawsuit is to bring the issue *to the court* for resolution, not to 'harass, oppress, or

---

[5] And while Faulk parrots statutory language in an attempt to allege that Midland misrepresented the amount of the debt owed, he provides no factual allegations on this point (for example, by including allegations about how much he actually did owe).

[6] Interpreting the FDCPA in this manner furthers the policy of constitutional avoidance, a canon requiring courts to interpret a statute reasonably susceptible to different meanings in a matter that saves it from constitutional infirmity. *See Gonzales v. Carhart*, 550 U.S. 124, 154 (2007). Under the federal constitution, parties have the First Amendment right to petition for the redress of grievances. U.S. Const. amend. I. Similarly, Alabama's constitution contains an open courts provision guaranteeing access to the courts to resolve disputes. *See* Ala. Const. art. I, § 13 ("That all courts shall be open; and that every person, for any injury done him, in his lands, goods, person, or reputation, shall have a remedy by due process of law; and right and justice shall be administered without sale, denial, or delay."). Interpreting the FDCPA as allowing for liability when one petitions for redress by accessing the courts will undermine these constitutional values, especially if FDCPA liability attaches even where the plaintiff complies with the relevant court's pleading rules. *See Hemmingsen v. Messerli & Kramer*, 674 F.3d 814, 819 (8th Cir. 2012) ("The rule [the plaintiff] urges—that a debt collector's fact allegations are false and misleading for purposes of § 1692e when rejected as not adequately supported in the collection suit—would be contrary to the FDCPA's 'apparent objective of preserving creditors' judicial remedies,' . . . an objective consistent with the principle 'that the right of access to the courts is an aspect of the First Amendment right to petition the Government for redress of grievances.'" (citations omitted)).

abuse' the defendant." *Kelly v. Great Seneca Fin. Corp.*, 443 F. Supp. 2d 954, 960 (S.D. Ohio 2005) (emphasis added).

Thus, because a complaint is not a communication to the consumer, but instead a communication to the court, it does not fall within the ambit of § 1692e.[7] *See O'Rourke v. Palisades Acquisition CVI, L.L.C.*, 635 F.3d 938, 942–44 (7th Cir. 2011) (holding FDCPA does not extend beyond the consumer to misleading communications to third parties, including judges); *Hemmingsen v. Messerli & Kramer*, 674 F.3d 814, 819 (8th Cir. 2012) (rejecting claim based on allegation that debt collection suit mislead a judge); *Gray*, 2012 WL 1067962, at *3 ("the FDCPA does not apply where the alleged misleading or deceptive statement was made to the court, not the consumer."); *Sayyed v. Wolpoff & Abramson, L.L.P.*, 733 F. Supp. 2d 635 (D. Md. 2010) (finding request for attorneys' fees in state court motion for summary judgment did not amount to misrepresentation to consumer). Here, Midland's state court complaint falls outside of the representations covered by the FDCPA, so Faulk's § 1692e claims fail as a matter of law.

> **2.    Faulk failed to identify a misrepresentation in Midland's state court complaint, so his claim fails even if §1692e covers state court pleadings.**

Even assuming allegations contained in a state court complaint are covered by § 1692e, nowhere does Faulk identify an actual misrepresentation in Midland's state court complaint. Midland's collection complaint alleged that Faulk incurred $3,851.34 in debt to Capital One, defaulted on that debt, did not dispute the debt,

---

[7] Faulk has not disputed any representation made by Midland other than taking issue with the evidence supporting the complaint filed in state court.

and that Midland later received an assignment of the debt from Capital One. (*See* Ex. 1 at 2.) By failing to allege that any of the representations in Midland's complaint were untrue, Faulk has failed to plead "factual content that allows the [C]ourt to draw the reasonable inference," *Iqbal*, 556 U.S. at 678, that Midland is liable for misrepresenting "the character, amount, or legal status of any debt" or that it used a "false representation or deceptive means" to collect a debt. And while Faulk asserts in conclusory fashion that Midland made "false, deceptive or misleading representations" (Am. Compl. ¶ 26(a)), this is not enough: a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 559; *see also Polk v. Law Office of Curtis O. Barnes*, 2:10-cv-36, 2010 WL 1994093, at *1 (M.D. Ala. May 17, 2010) (Fuller, J.) ("Absent the necessary factual allegations, unadorned, the-defendant-unlawfully-harmed-me accusation[s] will not suffice.") (internal quotations omitted).

Further, "claims alleging fraud or false or misleading representations" must comply with the particularity requirements of Federal Rule of Civil Procedure 9(b). *Blick v. JP Morgan Chase Bank, N.A.*, No. 3:12-cv-00001, 2012 WL 1030115, *6 (W.D. Va. Mar. 27, 2012) (dismissing FDCPA counts for failure to satisfy Rule 9(b)). Here, Faulk has failed to identify the precise statements in the state court complaint that he believes are false and explain why they are false. *Cf. Am. Dental Ass'n v. Cigna Corp.*, 605 F.3d 1283, 1291 (11th Cir. 2010) (requiring party to allege "the precise statements . . . or misrepresentations made" and how the statements

11

"misled the [p]laintiff[]" to state a fraud-based claim). His newly added allegations repeatedly asserting that Midland "knew or should have known" that he did not owe the debt fall well short of Rule 9(b)'s heightened pleading standard.

> **3.      Because state court pleading rules only require notice to the other party, the allegations in the complaint cannot be considered unqualified representations about the truth of the allegations.**

A party filing a lawsuit in Alabama state court does not vouch for the absolute truth of the allegations contained in the complaint. Quite to the contrary, a plaintiff need only provide a short and plain statement of its claim, Ala. R. Civ. P. 8(a), and the attorney signing the document only represents that, "to the best of the attorney's knowledge, information, and belief" his client has "good ground to support it," Ala. R. Civ. P. 11(a).   Alabama's pleading rules even embrace inconsistent pleading, Ala. R. Civ. P. 8(e)(2), which allows a complaint to contain allegations that are necessarily false. The rules also allow for freely amending the complaint to change the factual allegations altogether. *See* Ala. R. Civ. P. 15(a).

All of this is to say that a complaint filed in state court[8] is not akin to an unqualified representation about the truth of everything alleged in that complaint. Judge Easterbrook has recognized this, pointing out that it is "the state's rules of procedure, not federal law," that determine pleading requirements, and that the FDCPA is not "an enforcement mechanism for other rules of state and federal law." *Beler v. Blatt, Hasenmiller, Leibsker & Moore, L.L.C.*, 480 F.3d 470, 473–74 (7th

---

[8] The same is true in federal court, which has nearly identical pleading rules.  *See* Fed. R. Civ. P. 8, 11, 15.

Cir. 2007). "Any attempt to collect a defaulted debt will be unwanted by a debtor, but employing the court system . . . cannot be said to be an abusive tactic under the FDCPA." *Harvey v. Great Seneca Fin. Corp.*, 453 F.3d 324, 331 (6th Cir. 2006).

So for Faulk to allege that any of the allegations in Midland's state court complaint amounted to a misrepresentation requires him to allege not that Midland's lawsuit ultimately failed, but that Midland lacked knowledge, information, or belief that Faulk owed the debt from the very beginning. Faulk attempts to do so in his amended complaint by pasting the phrase "knew or should have known" throughout his original complaint when referring to Midland's knowledge about the debt. But it is simply not enough under *Twombly* and *Iqbal* for him to nakedly assert that Midland "knew or should have known" that he did not owe the debt. Rather, he must provide factual allegations as to *why* Midland "knew or should have known" that he did not owe the debt. Otherwise, he cannot put forward "more than labels and conclusions" and "a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 559. This is especially true since Faulk neither denies that he incurred a debt to Capital One nor that Midland purchased that debt from Capital One. Both of these allegations are prerequisites to showing that Midland had knowledge of the alleged falsities in its collection complaint.

At bottom, Faulk is asking this Court to use the FDCPA to redraft Alabama's Rules of Civil Procedure to require allegations in a debt collection complaint to contain absolute truths readily backed not just by evidence, but by evidence that

ultimately carries the day. Unless the Court takes this tact, Faulk has failed to identify an actionable misrepresentation, and hence his claim fails as a matter of law. *See Harvey*, 453 F.3d at 333 ("[A] debt may be properly pursued in court, even if the debt collector does not yet possess adequate proof of its claim."); *Lipa v. Asset Acceptance, L.L.C.*, 572 F. Supp. 2d 841, 849 (E.D. Mich. 2008) ("[A] person filing a suit does not tacitly represent that he has proof on hand to validate the debt.").

Faulk attempts to get around all of this by alleging that Midland never had sufficient evidence in hand to establish that Faulk owed the amounts claimed in the complaint. But that is not a recognized theory for an FDCPA violation. Earlier this year, Judge Kristi DuBose of the Southern District of Alabama dismissed with prejudice claims against Midland based on the same theory: "that Midland filed and prosecuted its collection lawsuit against [the plaintiff], and routinely does so in many other state-court collection suits, without obtaining evidence and without ever intending to actually prove those claims." *Bandy v. Midland Funding, L.L.C.*, No. 12-cv-491, 2013 WL 210730, at *6 (S.D. Ala. Jan. 18, 2013).[9] Judge DuBose

---

[9] In a Southern District of Alabama case similar to *Bandy*, Judge Steele reached the opposite result. *Samuels v. Midland Funding, L.L.C.*, 921 F. Supp. 2d 1321 (S.D. Ala. 2013). But whatever persuasive value *Samuels* might have had is undermined by Judge's Steele's self-imposed limitation on *Samuels'* holding. Rather than determining the validity of the plaintiff's legal theory (that filing a collection suit without evidence in hand, and which ultimately doesn't garner a favorable outcome, violates the FDCPA) Judge Steele only ruled "that the *defendant* has not demonstrated that no such cause of action exists." *Id.* at 1331 (emphasis added). He "expresse[d] no opinion whether the defendant could have done so by presenting different or stronger arguments." *Id.* In other words, the court's opinion in *Samuels* is that it had no opinion—all because Midland failed to prove a negative.

Moreover, neither *Bandy* nor *Samuels* involved a collection lawsuit in which the debtor and Midland mutually agreed to resolve the case, as here. Those cases involved

concluded that "Midland's filing and prosecution of its state court collection lawsuit without possessing or obtaining evidence to prove its claims does not rise to an FDCPA violation." *Bandy*, 2013 WL 210730, at \*9.

That conclusion finds substantial support in the law. "[A] debt may be properly pursued in court, even if the debt collector does not yet possess adequate proof of its claim." *See Harvey*, 453 F.3d at 333. In fact, even "filing a lawsuit that the creditor *intends to dismiss* if the debtor requests verification of the original debt" fails to state a claim under the FDCPA. *Davis v. NCO Portfolio Mgmt., Inc.*, No. 1:05-cv-734, 2006 WL 290491, at \*3 (S.D. Ohio Feb. 7, 2006) (emphasis added). What's more, when considering the rules for pleading in state court, it is apparent that Midland never made a representation in its complaint that, at the time of filing, it had sufficient evidence in hand to prove its claim by a preponderance of the evidence.

Nor does Midland's decision to agree to a resolution with Faulk's attorney rather than going to trial suggest that the allegations it made were false. *See Heintz v. Jenkins*, 514 U.S. 291, 295–96 (1995) ("We do not see how the fact that a [debt collection] lawsuit turns out ultimately to be unsuccessful could, by itself, make the bringing of it an action that cannot legally be taken."); *see also Donatelli v. Warmbrodt*, No. 08-cv-1111, 2011 WL 2580442, at \*7 (W.D. Pa. June 28, 2011) (rejecting FDCPA claim where plaintiff alleged debt collector filed suit with

---

judgments entered *in favor of the debtors*. For that reason, *Samuels* is easily distinguishable, and this case provides an even stronger case for dismissal than *Bandy*.

"insufficient admissible evidence to bring the claim to a successful conclusion.").[10] This is particularly true where, like here, the case did not go to trial but instead "[c]ounsel for the parties appeared and announced resolution." (Ex. 3.) Put simply, a debt collector resolving a lawsuit with a debtor by no means violates the FDCPA, *Waters v. Kream*, 770 F. Supp. 2d 434 (D. Mass. 2011), and is the type of debt collection practice that should be encouraged rather than punished.

Faulk attempts to get around the parties' joint resolution of the matter as reflected in the state court's order by alleging that there was no resolution and that the dismissal was unilateral. (*See* Am. Compl. ¶ 14.) But this Court need not accept that allegation as true because it is specifically and expressly contradicted by the state court order. *See Perry v. NYSARC, Inc.*, 424 F. App'x 23, 25 (2d Cir. 2011) (noting the "narrow exception" to the principle that allegations must be accepted as true on a motion to dismiss where "factual assertions . . . are contradicted by the complaint itself, [or] by documents upon which the pleadings rely. . ."). If the state court order did not reflect what really happened, the appropriate time to correct the record was when the trial court entered judgment, and the appropriate means to do so was by filing a motion to reconsider with the appropriate court. *See Negron-Almeda v. Santiago*, 528 F.3d 15, 24 (1st Cir. 2008) ("to the extent that there was any room for doubt that the 2004 order meant exactly what it said, it was the

---

[10] *See also Hickman v. Alpine Asset Mgmt. Group, L.L.C.*, No. 11-cv-1236, 2012 WL 4062694 (W.D. Mo. Sept. 14, 2012) (rejecting claim similar to Faulk's); *Johnson v. BAC Home Loans Serv., L.P.*, 867 F. Supp. 2d 766, 773 (E.D.N.C. 2011) (same); *Krawczyk v. Centurion Capital Corp.*, No. 06-cv-6273, 2009 WL 395458, at *9 (N.D. Ill. Feb. 18, 2009) ("[A] judgment about the quality of the pleadings and evidence submitted in the state court should be left to the discretion of the state court judge.").

burden of the doubters (here, the plaintiffs) to ask the district court in a timely fashion to clarify the scope of the order. . . . The plaintiffs failed to do so—and that failure estops them from now alleging the existence of a hidden ambiguity.").

Furthermore, as courts of limited jurisdiction, federal courts have no basis to second-guess state court judgments, especially when the collateral attack comes through the FDCPA. *See, e.g., Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994) (denying plaintiff ability to collaterally attack state court judgment in federal court using § 1983 and requiring § 1983 claimant to have state court judgment vacated by trial court, reversed by appellate court, or otherwise declared invalid). In *Barnes v. City of Dothan*, 842 F. Supp. 2d 1332 (M.D. Ala. 2012), this Court recognized the weighty policy reasons behind this approach, albeit in a different context. There, the Court dismissed a federal tort claim collaterally attacking a state court judgment. In declining the plaintiff's invite to undermine the state court's judgment, this Court stated that, "it makes sense to steer challenges to" state court judgments "into the channels already set up for this purpose," and noted how "principles of federalism and comity require the federal courts to refrain from taking over the States' police powers and undermining their judicial processes." *Id.* at 1338. The same can be said here: if Faulk wanted to challenge the state court's judgment dismissing the complaint based on a joint resolution, he should have moved for reconsideration or an amended order. He cannot come into federal court and take issue with the state court's order memorializing the parties' joint resolution because

it is now convenient to do so.  His attempt to have this Court rewrite history of a trial over which it did not preside shows the danger of Faulk's theory of liability.

In short, Midland's litigation strategy—whether to settle, dismiss, or go to trial—cannot be the basis for Faulk's claim under the FDCPA. Yet that is the only basis he alleges. Without specific factual allegations that the collection complaint contained "*any statement* that Midland knew or should have known was false," and why Midland should have had that knowledge, his claim is not plausible. *Bandy*, 2013 WL 210730, at *7 (emphasis in original); *see id.* at *8 (dismissing § 1692e claim where plaintiff failed to allege "that Midland knew or should have known that its claim was baseless or that any information contained in the collection complaint was false or deceptive."). By failing to deny that he ever incurred the debt to Capital One or denying that Midland received an assignment of that debt, there is no plausible inference that Midland's state court complaint contained a material misrepresentation. *See Harvey*, 453 F.3d at 333 ("Harvey never denied in her complaint that she owed Seneca a debt, nor did she claim that Seneca and Javitch misstated or misrepresented the amount that she owed. Her allegations against Seneca and Javitch therefore do not allege that Seneca and Javitch made 'false representations' or used means that were 'deceptive' in the traditional sense."); *Davis*, 2006 WL 290491, at *1–4 (dismissing § 1692e claim because "Davis does not allege that anything contained in the state court complaint filed against her was false" and "does not admit or deny the existence of any underlying debt"). Like the FDCPA plaintiffs in *Harvey*, *Bandy*, and *Davis*, Faulk has failed to identify a

material misstatement in Midland's collection complaint and allege facts showing that Midland knew about the statement's falsity when it filed suit. Accordingly, the Court should dismiss his FDCPA claims.

**B.   Because filing a collection suit in state court is not an "unfair or unconscionable means" to collect a debt, Faulk's claim under § 1692f fails as a matter of law.**

To state a claim under § 1692f, the plaintiff must allege that a debt collector used an "unfair or unconscionable means to collect or attempt to collect any debt." 15 U.S.C. § 1692f. The section provides a nonexclusive list of actions that suffice, including, for example, collecting an unauthorized amount, *id.* § 1692f(1); soliciting a postdated check for the purpose of threating criminal prosecution, *id.* § 1692f(3); or threatening to take "nonjudicial action to effect dispossession or disablement of property" in certain circumstances, *id.* § 1692f(6)(A)–(C).

Filing a lawsuit to collect a debt is not in and of itself an "unfair or unconscionable" practice under the FDCPA. *See, e.g.*, *Deere v. Javitch, Block, & Rathbone, L.L.P.*, 413 F. Supp. 2d 886, 891 (S.D. Ohio 2006); *Washington v. North Star Capital Acquisition, L.L.C.*, No. 08-cv-2823, 2008 WL 4280139, at *2 (N.D. Ill. Sept. 15, 2008) (finding plaintiff's allegation that debt collector filed a state court lawsuit knowing that it had an invalid claim did not state a claim under either § 1692e or § 1692f). Here, Faulk attempts to maneuver around this fact by trying to impute devious motives to Midland and then labeling its state court complaint an unfair or unconscionable practice. But as shown above, filing a lawsuit in a manner that complies with the relevant pleading rules does not violate the FDCPA.

Only when the state court collection action contains a false assertion about the debt owed can a plaintiff state a claim under § 1692f. *See Popson v. Galloway*, No. 10-cv-77, 2010 WL 2985945, at *7 (W.D. Pa. July 27, 2010). Again, as shown above, Faulk failed to allege facts giving rise to an inference that Midland's state court complaint contained a misrepresentation. And because Faulk's complaint lacks any allegations whatsoever about the amount he actually owes, he can't plausibly claim that Midland tried to collect more than he owed under § 1692f(1).

II.     **Faulk failed to plead actionable state law claims because Alabama does not recognize a tort claim for pure economic loss and because he failed to allege the elements of a malicious prosecution claim.**

Faulk added three state law claims to his FDCPA allegations. The first is a claim for "wanton or willful misconduct." The second is for "negligent, wanton, and/or reckless hiring, training, and/or supervision." The third is for malicious prosecution. Because none of these counts state actionable claims for relief, the Court should dismiss them along with Faulk's FDCPA claims.

A.      **Because there is no freestanding cause of action for "wanton or willful misconduct" or inadequate supervision of employees under Alabama law, Faulk has failed to state a claim.**

In addition to his FDCPA allegations, Faulk's complaint contains a claim for "wanton or willful misconduct" and one taking issue with how Midland supervised its employees. (Am. Comp. ¶¶ 29–30, 31–33.) These allegations are puzzling, and appear to be little more than legal buzzwords strung together (e.g., "knowing or reckless violation," ¶ 28; "pattern and practice of . . . abusive and potentially

unlawful tactics" ¶ 29). The Court should dismiss these claims as both legally and factually insufficient.

On the legal front, Alabama does not recognize a freestanding claim for "wanton or willful" misconduct or failure to supervise employees based on filing a lawsuit. If it did, every losing plaintiff would be subject to suit following an adverse outcome. And as this Court made clear in *Blake v. Bank of America, N.A.*, a plaintiff must allege personal injury or property damage stemming from a breach of a legally recognized duty before tort liability attaches under Alabama law: "[p]ure economic loss—which is what [Faulk] claims—does not suffice." 845 F. Supp. 2d 1206, 1210 (M.D. Ala. 2012).

On the factual front, Faulk's state law claims fail for the same reason as his federal claim: even if Alabama recognized a duty for a plaintiff's pleadings to contain the absolute truth backed by compelling evidence, he has failed to allege any explicit misrepresentation in Midland's state court complaint. Faulk fails to allege that he did not incur the debt to Capital One that Midland tried to collect or that Midland misstated the amount of the debt. In addition, although the sole basis for his claims is the debt collection lawsuit filed in state court, nowhere does he allege that a Midland employee (as opposed to a law firm) filed that suit, a necessary perquisite for claiming that Midland inadequately supervised an employee. Accordingly, the Court should dismiss his state law claim as facially implausible.

21

**B.    Because Faulk failed to allege three of the five necessary elements, his malicious prosecution claim fails as a matter of law.**

To state a claim for malicious prosecution, a plaintiff must allege (1) a judicial action filed by the defendant, (2) the lack of probable cause, (3) malice, (4) termination in favor the plaintiff, and (5) damages. *Cutts v. Am. United Life Ins. Co.*, 505 So. 2d 1211, 1214 (Ala. 1987). Faulk fails to allege sufficient facts to plausibly satisfy elements two, three, and four. On the probable cause element, Faulk fails to allege that he never incurred the disputed debt to Capital One and that Midland never received an assignment from Capital One. Without negating these facts, he cannot plausibly allege that Midland lacked probable cause to sue him to collect a debt that it believed that Faulk owed. On the malice element, a defendant that had probable cause to institute the proceeding cannot act maliciously as a matter of law. *See, e.g., Kitchens v. Wynn-Dixie, Inc.*, 456 So. 2d 45, 47 (Ala. 1984).

More importantly, Faulk failed to satisfy the favorable termination element. According to the state trial court's order, the parties resolved the debt collection action by joint resolution. Faulk, therefore, cannot show that he received a termination in his favor; an agreement to resolve the matter without further litigation gives neither side a victory or a loss. In other words, a malicious prosecution claim requires something more akin to a total victory, *see, e.g., Exford v. City of Montgomery*, 887 F. Supp. 2d 1210, 1227 (M.D. Ala. 2012) (holding contested dismissal of criminal complaint satisfied favorable termination rule), so a mutual

resolution does not suffice. *Evans v. Ala. Prof'l Health Consultants, Inc.*, 474 So. 2d 86, 88 (Ala. 1985) ("where dismissal of a claim is part of a settlement agreement, such termination of the proceedings is not favorable to the plaintiff in all respects, and no malicious prosecution action will lie." (citing *Wilson v. Brooks*, 369 So. 2d 1221 (Ala. 1979))). His malicious prosecution claim should thus be dismissed.

## CONCLUSION

Faulk has not stated a claim against Midland. His attempt at stating an FDCPA claim fails because the action he challenges—Midland's filing and resolving a state court suit—is not covered by the FDCPA. And even if it were, Faulk declined to identify a knowing misrepresentation in the state court complaint; thus, his FDCPA claim is so devoid of factual material as to make it implausible. As for his state law claims, Alabama does not recognize a cause of action entitling a party settling or even winning a lawsuit to sue his adversary after-the-fact for the costs incurred in litigating the matter. The exception to this rule is a claim for malicious prosecution, the elements of which Faulk cannot satisfy as a matter of law. The Court should therefore dismiss all of Faulk's claims with prejudice.

Respectfully submitted this 24th day of September, 2013.

*/s/ Jason B. Tompkins*
One of the Attorneys for Defendant,
Midland Funding, LLC

23

**OF COUNSEL:**
Jason B. Tompkins
Thomas R. DeBray, Jr.
BALCH & BINGHAM LLP
Post Office Box 306
Birmingham, Alabama 35201-0306
Telephone:  (205) 251-8100
Facsimile:  (205) 226-8798

## CERTIFICATE OF SERVICE

I hereby certify that on September 24, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following counsel of record:

William D. Azar
William D. Azar Attorney PC
800 South McDonough Street
Montgomery, Alabama 36104
Telephone: (334) 269-9700
Facsimile: (334) 263-3988


*/s/ Jason B. Tompkins*
Of Counsel