IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| JOE FAULK, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
| v. | )     Case No. 2:13-cv-503-MHT-PWG |
| | ) |
| MIDLAND FUNDING LLC, | ) |
| | ) |
|     Defendant. | ) |

## ORDER AND REPORT AND RECOMMENDATION

This Fair Debt Collection Practice Act[1] case arises from Defendant Midland Funding LLC's attempt to collect a credit card debt allegedly owed by Plaintiff Joe Faulk, by and through the filing of a lawsuit in the District Court for Elmore County, Alabama.

This lawsuit is brought by Plaintiff Joe Faulk. There are four counts set out in the Second Amended Complaint, which is the operative pleading. (Doc. 29).The only federal claim is contained in Count I and asserts violations of the Fair Debt Collection Practice Act (hereinafter "FDCPA"), and specifically of the following sections contained in the FDCPA: 15 U.S.C. § 1692e(2)(A); §1692e(5); §1692e(10); §1692f;

---

[1] 15 U.S.C § 1692 et seq.

1

§1692f(1).[2]

The remaining claims arise under Alabama law and are as follows: (Count II) wanton or willful misconduct; (Count III) negligent, wanton, and/or reckless hiring, training, and/or supervision; (Count IV) malicious prosecution.

Before the court is Defendant Midland Funding, LLC's motion to dismiss Plaintiff's Second Amended Complaint (Doc. 30).

## I.   JURISDICTION

Subject matter jurisdiction over Plaintiff's federal claims is conferred by 28 U.S.C. § 1331.  The court may exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.  The parties do not dispute venue or personal jurisdiction, and there are adequate allegations in Plaintiff's Second Amended Complaint to support both.  On November 25, 2014, this matter was referred to the undersigned by U.S. District Judge Myron H. Thompson for disposition or recommendation on all pretrial matters.  (Doc. 36).  *See also* 28 U.S.C. § 636(b); Rule 72, Fed. R. Civ. P.; *United States v. Raddatz,* 447 U.S. 667 (1980); *Jeffrey S. v. State Board of Education of State of Georgia,* 896 F.2d 507 (11th Cir.

---

[2] Plaintiff curiously also states the following in his Second Amended Complaint: "It is possible that the defendants committed other acts in violation of the FDCPA, and the plaintiff reserves the right to add other violations to this list as additional information becomes available during the course of discovery in this action." (Doc. 29 at ¶ 26). There is no basis in the Federal Rules of Civil Procedure for such reservations in a complaint.

1990).

For the reasons stated herein, the Magistrate Judge **RECOMMENDS** that Defendant Midland Funding LLC's motion to dismiss is due to be **DENIED**.

## II.    BACKGROUND AND FACTS[3]

Defendant Midland Funding LLC (hereinafter "Defendant") buys and collects alleged delinquent debts.  (Doc. 29. at p. 1). On April 20, 2012, Defendant, by and through its attorneys, filed a lawsuit in the District Court of Elmore County, Alabama, styled *Midland Funding LLC v. Joe Faulk*, DV-2012-900150 (Ala. Dist. Ct. April 20, 2012), seeking collection of a debt allegedly owed by Plaintiff Joe Faulk (hereinafter "Plaintiff"). (Doc. 29 at p.  1 and  ¶ 6). Defendant sought a judgment in the amount of $3,898.23, plus court costs.  (Doc. 29 at ¶ 8).

Plaintiff avers that he did not owe the debt and that Defendant knew or should

---

[3] These are the facts for purposes of ruling on the pending motion to dismiss.  They are gleaned exclusively from the allegations in the Second Amended Complaint.  The court is permitted to and  has taken judicial notice of the pleadings and an order from the related case from the District Court of Elmore County, Alabama, styled *Midland Funding LLC v. Joe Faulk*, DV-2012-900150 (Ala. Dist. Ct. April 20, 2012), which were attached to Defendant's motion to dismiss. (Docs. 30-1, 30-2, and 30-3). *See U.S. ex. rel*. *Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015) The court did not consider the affidavits of Plaintiff or Plaintiff's counsel that were submitted by Plaintiff in opposition to the motions to dismiss (Docs. 32-1 and 32-2). *See* Federal Rule Civil Procedure 12. Plaintiff seemingly filed affidavits in response to the court's order dated July 9, 2014. (Doc. 31). Upon further reflection, such evidence will not be considered. *See Id.* The motion to dismiss at issue is not converted to a Rule 56 motion for summary judgment. As such, the evidence will be stricken from the record.

have known that he did not owe the debt at the time it filed the state court complaint. (Doc. 29 at ¶¶ 6; 18; 19). On August 1, 2012, Plaintiff was served with the state court complaint. (Doc. 29 at ¶ 7). On August 9, 2012, Plaintiff filed a *pro se* answer denying the debt. (Doc. 29 at ¶ 7). The case was called for trial on July 1, 2013. (Doc. 29 at ¶ 10). Attorneys for both parties appeared. (Doc. 29 at ¶ 10). When the case was called, counsel for Defendant unilaterally moved to dismiss the case with prejudice. (Doc. 29 at ¶ 14). Counsel for Plaintiff did not object. (Doc. 29 at ¶ 14).

Plaintiff avers that Defendant commonly, without supporting evidence or an intention to prove the case at trial, initiates collection suits against alleged debtors with the goal of obtaining either an agreement from the debtor to pay a lesser amount than that which is purportedly owed or obtaining a default judgment against the debtor obligating him or her to pay the full sum, and that such practice is deceptive and unlawful. (Doc. 29 at ¶¶ 17-20).

Plaintiff alleges he is due damages for expenses in the amount of $1,000 incurred in defending the state court case, and for an unspecified amount of monetary damages for stress associated therewith which he alleges resulted in emotional distress, anger, shame, frustration, fear, and humiliation. (Doc. 29 at ¶23; 27).

## III.   MOTION TO DISMISS STANDARD OF REVIEW

A Rule 12(b)(6) motion to dismiss tests the sufficiency of the Complaint

4

against the legal standard set forth in Rule 8: "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). In the present case and in response to a court order[4], Plaintiff submitted evidence outside of the pleadings in opposition to the motions to dismiss; however, that evidence has not been considered by the court and does not inform this decision in any way whatsoever.

The court is, however, entitled to take judicial notice of pleadings in related state court case referenced in the Second Amended Complaint, and has done so with regard to the pleadings and order attached to the motion to dismiss. See *U.S. ex. rel. Osheroff v. Humana, Inc.*, 776 F.3d 805, 811 (11th Cir. 2015)("[A] district court may consider an extrinsic document even on Rule 12(b)(6) review if it is (1) central to the plaintiff's claim, and (2) its authenticity is not challenged. In addition, a district court may consider judicially noticed documents.")(internal citations omitted)

When evaluating a motion to dismiss pursuant to Rule 12(b)(6), the court must take "the factual allegations in the complaint as true and construe them in the light most favorable to the plaintiff." *Pielage v. McConnell*, 516 F.3d 1282, 1284 (11th Cir. 2008). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556

---

[4] *See* Doc. 31.

U.S. 662, 663 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Iqbal*, 556 U.S. at 678 (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Determining whether a complaint states a plausible claim for relief [is] ... a context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Id.* at 663 (alteration in original) (citation omitted). "[F]acial plausibility" exists "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  The standard also "calls for enough facts to raise a reasonable expectation that discovery will reveal evidence" of the claim.  *Twombly*, 550 U.S. at 556.  While the complaint need not set out "detailed factual allegations," it must provide sufficient factual amplification "to raise a right to relief above the speculative level."  *Id.* at 555.

"So, when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, 'this basic deficiency should ... be exposed at the point of

6

minimum expenditure of time and money by the parties and the court.'" *Twombly*, 550 U.S. 558 (quoting 5 Wight & Miller § 1216, at 233-34 (quoting in turn *Daves v. Hawaiian Dredging Co.*, 114 F.Supp. 643, 645 (D. Haw. 1953)) (alteration original). "[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679 (citing *Twombly*, 550 U.S. at 556).

> In keeping with these principles a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 556 U.S. at 679.

## IV.   DISCUSSION

### A.   **Fair Debt Collection Practice Act**.

The stated purpose of the FDCPA is to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promise consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692(e). "The FDCPA is a remedial statute, and its provisions are to be liberally construed in favor of consumer debtors." *Bandy v. Midland Funding LLC*, 2013 WL 210730, *5 (S.D. Ala. Jan. 18, 2013)(*citing Johnson v. Riddle*, 305 F.3d

1107, 1117 (10th Cir. 2002) and *Mammen v. Bronson & Migliaccio, LLP*, 715 F. Supp. 2d 1210, 1213 (M.D. Fla. 2009)).

Courts employ the "least sophisticated consumer" standard in analyzing claims under the FDCPA, with the exception of those arising out of §1692e(5).

> "The inquiry is not whether the particular plaintiff-consumer was deceived or misled; instead, the question is 'whether the "least" sophisticated consumer would have been deceived' by the debt collector's conduct . . . The 'least sophisticated consumer' standard takes into account that consumer-protection laws are 'not made for the protection of experts, but for the public – that vast multitude which includes the ignorant, the unthinking, and the credulous.' [. . .] 'However, the test has an objective component in that while protecting naive consumers, the standard also prevents liability for bizarre or idiosyncratic interpretations of collection notices by preserving a quotient of reasonableness.'"

*Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1258-9 (11th Cir. 2014)(internal citations omitted).

Section 1692e(5), however, "'requires proof of a fact which amounts to a *per se* violation [and the] sophistication, or lack thereof, of the consumer is irrelevant to whether [the debt collector] threatened to take any action that was not intended to be taken.'" *Newman v. Ormond*, 456 Fed. Appx. 866, 867 (11th Cir. 2012)(alterations in original)(*citing Jeter v. Credit Bureau, Inc.*, 760 F.2d 1168, 1175 (11th Cir. 1985)).

As noted *supra*, Plaintiff alleges that Defendant violated the following sections

8

of the FDCPA: 15 U.S.C. § 1692e(2)(A); §1692e(5); §1692e(10); §1692f; and §1692f(1).  The court takes each in turn, but first addresses the threshold issue of whether the state court complaint is a "communication" as contemplated by the FDCPA.

The parties do not dispute that Defendant is a debt collector under the FDCPA and likewise do not dispute that Plaintiff is a consumer for purposes of the FDCPA.[5] Defendant does, however, argue that the complaint it filed in the underlying state court lawsuit was not a "communication" under the FDCPA, and urges this court to determine that the "communication" was to the Elmore County, Alabama, court and/or the Elmore County, Alabama ,District Court Judge who presided over the case. (Doc. 30 at pp. 14-16). In support thereof, Defendant cites out-of-circuit case law that this court finds unpersuasive.

The law is clear that attorneys' litigation activities fall within the purview of "debt collection activities" as contemplated by the FDCPA. The Supreme Court has held that "[t]he Act does apply to lawyers engaged in litigation." *Heintz v. Jenkins*, 514 U.S. 291, 294, 115 S. Ct. 1489, 131 L.Ed.2d 395 (1995).  Furthermore, the Eleventh Circuit recognized the *Heintz* holding and noted in *LeBlanc v. Unifund CCR Partners*, *et al.*, 601 F.3d 1185, 1193 n.15 (11th Cir. 2010) that "the Supreme Court

---

[5] Doc. 29 at ¶¶ 24-25.

has held that initiation of legal proceedings by a creditor can constitute a debt collection activity."

It is also axiomatic that a complaint that is served upon an individual and requires an answer from that individual is a communication to that individual.[6] If there was any doubt remaining, the Eleventh Circuit very recently addressed this very issue in a decision issued on June 30, 2015.[7] In deciding the issue of first impression of whether communications to a court and a consumer's attorney constitute "communications" as contemplated by the FDCPA, the Eleventh Circuit in *Miljovic v. Shafritz and Dinkin, P.A.*, --- F.3d ----, 2015 WL 3956570 (11th Cir. Jun. 30, 2015), stated the following: "Interpreting the FDCPA to permit otherwise prohibited conduct merely because it is directed at a consumer's attorney *or takes the form of a procedural filing* would not only subvert the plain text of the Act, it would also frustrate the Act's stated objectives." *Id.* at *9. (emphasis added). The court further added, "Had Congress intended to restrict application of the FDCPA to conduct directed only to the consumer or to exempt certain procedural filings from its

---

[6] Indeed, if the complaint was not a communication to the party on whom it was served and of whom an answer was required, several odd questions arise, including but not limited to whether Defendant expected the District Court of Elmore County to answer the complaint and if it was from that very court that Defendants expected to collect the alleged debt.

[7] The Eleventh Circuit's decision was released after the conclusion of briefing in this case.

provisos, it presumably would have done so expressly, *see*, *e.g.* §§ 1692c(d), 1692e(11), but it did not draft the statute that way." *Id.* at 10.[8] Consistent with the Eleventh Circuit's holding in *Mijovic*, the Court concludes that the state court complaint is a procedural filing that constitutes a "communication," as contemplated by the FDCPA.

Defendant also asserts in its motion to dismiss that the contents of the state court complaint are not "unqualified representations about the truth of the allegations" and that because state court pleading rules only require notice to the other party, it would be tantamount to redrafting the Alabama Rules of Civil Procedure to conclude the statements contained in the state court complaint amount to a misrepresentation under the FDCPA. (Doc. 30 at pp. 9-11). This is not so. Even

---

[8] The Eleventh Circuit's recent decision in *Miljkovic*, *supra*, with regard to the § 1692e claim contained therein, is factually distinguishable from this case.  In that case, the appellant failed to repay an automobile loan, resulting in a final debt judgment in favor of a business. The appellee debt collection attorneys sought and obtained a continuing writ of garnishment against the appellant's wages to recover the unpaid balance. In response, the appellant filed a claim of exemption from the garnishment on the basis that he was the "head of household" under Florida law.  The appellees then filed a sworn reply stating that they disputed his status as "head of household" within the meaning of the applicable Florida statutes and asked for a trial to determine their right to garnishment of the subject wages.  Appellant filed a lawsuit in federal court alleging that the sworn reply violated §1692e. The Eleventh Circuit affirmed the dismissal of the claims in that case because the statement in the sworn reply was a "legal position relative to Appellant's claim of exemption [from garnishment]" and not a misrepresentation of "the nature or effect of the writ of garnishment." In the instant case, Plaintiff alleges that the initial complaint stated that he owed a debt that he did not, which he alleges was a misrepresentation because Defendant knew or should have known he did not owe the debt. Such a misrepresentation is, unlike that addressed in *Miljkovic,* of "the nature or effect" of the debt, as contemplated by §1692e(2)(A).

assuming that to be the case, in its motion to dismiss, Defendant asserts that the only way for Plaintiff to avoid such a result would be to "allege not that ... [Defendant] lacked knowledge, information, or belief that [Plaintiff] owed the debt from the very beginning. (Doc. 30 at p. 10). As discussed below, Plaintiff meets Defendant's burden.

The court now turns to the FDCPA violations alleged in the Second Amended Complaint.

### 1.    Plaintiff has stated a plausible claim that Defendant violated 15 U.S.C. § 1692e(2)(A).

In keeping with the stated purpose, 15 U.S.C. § 1692e prohibits a debt collector from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt" and provides an exemplary list of such conduct, including but not limited to "the false representation of the character, amount or legal status of any debt." 15 U.S.C.  § 1692e(2)(A).

In his Second Amended Complaint, Plaintiff alleges that Defendant made both explicit and implicit misrepresentations that violate this section.  Defendant disputes the sufficiency of the allegations to the extent the claim is based on an explicit misrepresentation and the viability of the claim to the extent it is based on an implied misrepresentation.

### a.    Explicit Misrepresentation

Plaintiff has plausibly alleged in his Second Amended Complaint that there was an explicit misrepresentation in the underlying state court complaint. Plaintiff specifically alleges that Defendant filed the complaint though it "knew or should have known that [Plaintiff] did not owe the debt" and that Defendant "explicitly represented to [Plaintiff] that he owed a debt that [Defendant] knew or should have known [Plaintiff] didn't owe." (Doc. 29 at pp. 1-2).[9]

Defendant avers that these allegations are conclusory and fail to meet the standards articulated in *Twombly*/*Iqbal* and their progeny. Defendant's argument is not novel. In fact, this same Defendant made the same argument in a case involving substantively identical allegations before the Hon. William M. Acker, Jr., District Judge for the Northern District of Alabama. *See Dial v. Midland Funding, LLC*, 2015 WL 751690 (N. D. Ala. Feb. 23, 2015). Judge Acker rejected this argument, holding: "These allegations, however, are not conclusory; they are as specific as can be expected of a plaintiff who, without benefit of discovery, pleads the defendant's mental state. The allegations will later need to be proven, but the court will impose

---

[9] Defendant mentions several times that Plaintiff failed to allege in his Second Amended Complaint that he "incurred" the debt, and but for such allegation, Plaintiff has failed to state a claim for misrepresentation under the FDCPA. "Incurring" a debt is distinct from "owing" a debt. This argument is especially perplexing as the state court complaint that Defendant filed against Plaintiff used the word "owes." (Doc. 30-1 at p. 1).

no further burden at this stage."   The allegations from the Second Amended Complaint are likewise sufficient to meet the standards articulated in *Twombly/Iqbal*.

Defendant also avers that FDCPA allegations must conform to Federal Rule of Civil Procedure 9(b) and cites to a district court case from outside the Eleventh Circuit in support of its argument. (Doc. 30 at p. 17). The Court does not need to resolve this question. Assuming without deciding that Rule 9 is applicable,  the allegations of the Second Amended Complaint satisfy Rule 9(b). Rule 9(b) requires the following: "In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake.  Malice, intent, knowledge, and other conditions of a person's mind may be alleged generally." Federal Rules of Civil Procedure 9(b). Plaintiff alleges that he did not owe the sdebt and that the  state court complaint stated that he owed the debt.  He alleges Defendant knew or should have known he did not owe the debt. He alleges the identity of the party who filed the state court complaint (the Defendant) and the date on which it was filed (April 20, 2012). This is sufficient to satisfy Rule 9(b).[10]

---

[10] This is especially true given that "the purpose of heightened pleading is to "aler[t] defendants to the precise misconduct with which they are charged and protec[t] defendants against spurious charges of immoral and fraudulent behavior." *Durham v. Bus. Mgmt. Assocs.*, 847 F.2d 1505, 1511 (11th Cir.1988) (alterations in original). Defendant filed not one, but two briefs in response to the substance of Plaintiff's Second Amended Complaint,which indicates Defendant understands the nature of the FDCPA contained therein.

The court's plain reading of the allegations of Plaintiff's Second Amended Complaint is consistent with that of sister District Courts within Alabama  confron ted with similar complaints against this same Defendant. *See e.g. Morgan v. Midland Funding, LLC et al*, Case 2:12-cv-03846-RDP, p. 2 (N.D. Ala. Jan. 4, 2013)("[T]he false communication alleged by Plaintiff is that she never even owed the debt on which she was sued ... [P]laintiff's Complaint alleges that she did not owe the debt at issue *and* that Defendants were aware of the fact when they initiated the collections action against her."); *Kamps v. Midland Funding, LLC*, 2013 WL 622505, *3 (N.D. Ala. Feb. 19, 2013)(Bowdre, J.)("[Plaintiff] *explicitly* pled that 'Defendant Midland knew Plaintiff did not owe the debt sued on' and that 'Defendant Midland made numerous misrepresentations and false statements in the lawsuit.' [...]  [P]laintiff alleges that he never owed the debt at issue and that Midland knew he never owed the debt, which is sufficient to state a claim under the FDCPA. [...]" (emphasis in original).

Because Plaintiff plausibly alleges the existence of an explicit misrepresentation in the state court complaint—that he owed a debt that he did not owe, and that the Defendant knew or should have known he did not owe—the FDCPA claim based on a violation of §1692e(2)(A) survives Defendant's motion to dismiss.

### b.   Implied Misrepresentation

The question of whether the part of the FDCPA claim that is based on an implied misrepresentation theory should go forward is more difficult, but nonetheless resolves in Plaintiff's favor at this point in the proceedings. Plaintiff alleges that the state court complaint itself was an implicit misrepresentation that Defendant intended to prove his claims at trial and that it had already acquired and/or intended on acquiring the proof necessary for trial and that it intended to take the case to trial and prove its case at trial. Plaintiff alleges that "the collection lawsuit was false and/or deceptive because [Defendant] falsely implied to [Plaintiff] that it was willing to go to court to prove [its] claims when in reality it was not," and that "the business model formulated by Midland Funding in filing said collection complaint against [Plaintiff] was false and/or deceptive by its very nature."  (Doc. 29 at pp. 2, 3). Plaintiff further alleges that "filing a collection complaint that Midland knew or had no intentions of having or acquiring the proof necessary to prove the suit or take the case to trial was false and/or deceptive."  (Doc. 29 at p. 3).

The parties have not offered, and the court has been unsuccessful in locating, any controlling precedent which supports the existence of a cognizable claim for relief under §1692e(2)(A) under a theory of implied misrepresentation. Indeed, as a another district court noted, this is an "open question" in the Eleventh Circuit. *Vinson*

*v. Midland Funding, LLC*, 2013 WL 625111, *2;  No. 2:12-CV-04187-VEH (N.D. Ala. Feb 2013).

There appears to be a split among district courts within the Eleventh Circuit and within Alabama regarding whether or not such a claim is viable.  For instance, in *Bandy v. Midland Funding, LLC*, 2013 WL 210730 (S.D. Ala. 2013), which the Defendant cites often, the Hon. Kristi K. Dubose, United States District Judge for the Southern District of Alabama, relying out-of-circuit precedent, found that a plaintiff had failed to state a claim under §1692e(2)(A) where that plaintiff alleged that the defendant filed and prosecuted its collection lawsuit against her, and routinely did so in many other state court collection suits, without obtaining evidence and without ever intending to actually prove the claims.[11]

Conversely (in another case from the Southern District of Alabama involving the same defendant as that in this case and in *Bandy* and issued mere weeks thereafter), the Hon. William H. Steele, Chief United States District Judge for the Southern District of Alabama, when presented with the same claim as in *Bandy*, held

---

[11] The question of whether the plaintiff stated a claim under § 1692e(2)(A) pursuant to an explicit misrepresentation theory was not addressed in *Bandy*, as the Court noted that "though she denies owing any debt to [Defendant] ... [Plaintiff] does not allege [Defendant] knew or should have known that its claim was baseless, or that any information contained in the collection complaint was false or deceptive." *Bandy* at *8. Plaintiff in the instant case has so alleged, enabling the § 1692e(2)(A) claim to proceed.

that the case law relied upon by the *Bandy* court was factually distinguishable and unpersuasive.  *See Samuels v. Midland Funding, LLC*, 921 F. Supp. 2d 1321 (S.D. Ala. 2013).  The *Samuels* court did not expressly hold that there existed a claim under the FDCPA for filing and prosecuting "a collection action while knowing that it lacks evidence to prove its claim and knowing it will not obtain or even try to obtain such evidence – such that it knows that it cannot ever prove its claim and possesses no intention of doing so – violates the Act."[12] *Id.* at 1326. Rather, it noted that neither side had presented controlling law sufficient to establish the existence or non-existence of a cognizable claim under an implied misrepresentation theory and denied the defendant's motion for judgment on the pleadings, and allowed the claim to proceed, where "defendant remain[ed] free to try on motion for summary judgment" to "presen[t] different or stronger arguments." *Id.* at 1331.

In *Vinson v. Midland Funding, LLC*, 2013 WL 625111 (N.D. Ala. Feb. 20, 2013), the Hon. Virginia Emerson Hopkins, United States District Judge for the Northern District of Alabama similarly held, finding it "difficult (and arguably premature) to apply *Twombly*" to such a claim given the "open question" within the Eleventh Circuit. *Id*. at *2. (alteration in original). The *Vinson* court held that it was "not persuaded to conclude ... that Plaintiff has failed to state a plausible FDCPA

---

[12] *Id.* at 1326

claim in the context of suing a debt allegedly not owed when neither the Eleventh

Circuit (nor the Supreme Court) has analyzed the actionable nature *vel non* of such

claim." *Id*. at *2. (alteration in original). The *Vinson* court also adopted in full Judge

Steele's opinion in *Samuels*, *supra*, and denied the Defendant's motion to dismiss. In

its memorandum opinion and order, the *Vinson* court further reasoned:

> "The court acknowledges that Defendants argue[d] in their reply . . .
> that, at a minimum, Plaintiff's FDCPA claim premised upon an implied
> misrepresentation that the collection plaintiff intended to prove the case
> at trial is a viable theory under the FDCPA. [...] However, at the same
> time, Defendants . . . have not cited to any controlling precedent which
> validates their position on either a Rule 12(b)(6) or alternatively even a
> Rule 56 record. [. . .] [E]ven if the court were persuaded to dismiss all
> of the Plaintiff's allegations that might show an implicit
> misrepresentation under the FDCPA, the result would be a Pyrrhic
> victory for Defendants as the FDCPA count would still remain in the
> case."

*Id.* at fn. 3. The same reasoning applies to the case at bar.

This court also agrees with Judge Steele that the out-of-circuit case law cited

by the *Bandy* court[13] in support of its holding that the plaintiff failed to state claim

pursuant to §1692e(2)(A) under a theory of implied misrepresentation is factually

distinguishable from this case and unpersuasive.[14] In light of the divergent precedent

---

[13] These cases are also cited by the Defendant in this case.

[14] *See e.g. Harvey v. Great Seneca Financial Corp.*, 453 F.3d 324 (6th. 2006)(wherein the plaintiff only alleged that the defendant filed the complaint without having on hand at the time of filing the means to prove the complaint, as opposed to what Judge Steele described as a "fixed intention to not prove its claim" with "knowledge that it would never be able to prove its claim,

within the Eleventh Circuit, and within District Courts in Alabama, regarding the viability of a FDCPA claim based on an implied misrepresentation and each of the parties' inability to provide any controlling precedent to support their respective positions with regard to the same, this court likewise declines the Defendant's request to hold that such a claim is not cognizable as a matter of law.

Accordingly, to the extent the FDCPA claim is based on a violation of §1692e(2)(A) under a theory of implied misrepresentation, it also survives Defendant's motion to dismiss.

### 2. Plaintiff has stated a plausible claim that Defendant violated 15 U.S.C. § 1692e(10).

15 U.S.C. § 1692e(2)(A), like § 1692e(10), is dependent on a false representation. Section1692e(10) prohibits "the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information

---

since it had no evidence and deliberately elected to seek none," which is also the crux of Plaintiff's claim herein)(*Samuels* at 1327); *Deere v. Javitch, Block & Rathbone, LLP*, 413 F. Supp. 2d 886, 891 (S. D. Ohio 2006)(wherein the plaintiff alleged that a stronger paper trail should have been in the lawyers' hands or attached to the complaint, as opposed to what the Plaintiff alleges herein — that Defendant did not intend to obtain evidence to establish Plaintiff owed the debt to Defendant); *Donatelli v. Warmbrot,* 2011 WL 2580442 (W.D. Pa. 2011)(wherein the court rejected plaintiff's claim that it was defendant's intent to never prosecute the case, holding that lacking the instant means to prove the case at the time of filing does not constitute a FDCPA violation – which is not the Plaintiff's claim herein – and wherein the court also rejected the plaintiff's claim that defendant never intended to prosecute the action, but only to the extent it was analogous to that in Deere, supra, which this Court, like the *Samuels* Court, does not find persuasive)(*Samuels* at 1328).

concerning a consumer." This court has already concluded that Plaintiff has alleged in his Second Amended Complaint a false representation sufficient to withstand both Defendants' *Twombly*/*Iqbal* and Fed. R. Civ. P. 9 challenges. Defendant does not dispute that it was attempting to collect a debt when it filed the state court complaint. (Doc. 30 at pp. 19-21).

Thus, to the extent the FDCPA claim is based on a violation of §1692e(10), it also survives Defendant's motion to dismiss. Defendant's motion to dismiss with regard to this claim is due to be denied.

### 3. Plaintiff has stated a plausible claim that Defendant violated 15 U.S.C. § 1692e(5).

15 U.S.C. § 1692e(5) prohibits debt collectors from making a "threat to take any action that cannot be legally taken or that is not intended to be taken." Defendant asserts that this section applies only to a "threat" of action, not to an action actually taken, and that regardless of the legality of the complaint it filed in the state court action, it did not just threaten to take action, but took an action by filing the state court complaint.

Defendant, however, mischaracterizes the nature of Plaintiff's 1692e(5) claim. Plaintiff does not allege that Defendant threatened to file an illegal complaint. Rather, Plaintiff claims that Defendant threatened to "take an action which it intended not to

take"—threatening to prove its claim in court when it never intended to "tak[e] any reasonable steps to support these allegations or substantiate its causes of action or prov[e] it's [sic] claims in court."  (Doc. 29 at ¶ 26).  Though somewhat inartfully pled, Plaintiff's claim is that Defendant's state court complaint constituted a threat to prove its claims at trial, despite knowing that it did not have and never had an intention of obtaining, any evidence to do so -- with the purpose being to coerce Plaintiff into paying it or obtaining from the court a default judgment for the full amount of the purported debt.

Defendant offers no reasons why the claim, as it is characterized in the Second Amended Complaint, should be dismissed as a matter of law; therefore, it also survives Defendant's motion to dismiss.

### 4.    Plaintiff has stated a plausible claim that Defendant violated 15 U.S.C. § 1692f and 1692f(1).

15 U.S.C. § 1692f states as follows:

> "A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: (1) the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the settlement creating the debt or permitted by law."

Plaintiff alleges that Defendant violated section 1692f when it filed suit "with no intention to prove its case but only to use the suit to obtain default judgment and coerce money from [him]." (Doc. 29 at ¶26). Defendant asserts that this claim is due to be dismissed for two reasons: (1) A claim under this section must rely on facts other than those used to allege violations of other sections of the FDCPA and that Plaintiff relied on the same conduct when alleging its section 1692e claim;[1] and (2) "Only when the state court collection action contains a false assertion about the debt owed can plaintiff state claim under §1692f. " (Doc. 30 at p. 18).

Defendant provides a sampling of out-of-circuit district court holdings in support of its first averment; however, the Court is not persuaded to adopt their reasoning, as the Eleventh Circuit has already held that conduct can violate both §1692f and §1692e. *See e.g. Crawford v. LVNV Funding, LLC*, 758 F.3d 1254, 1259 (11th Cir. 2014)(stating that conduct alleged in complaint violated both sections); *Dial v. Midland Funding*, *supra*, at *4 (discussing the holding in Crawford and despite Midland Funding's "rather perplexing protestations to the contrary," rejecting its argument that a claim under §1692f must be based on conduct which does not violate another provision of the FDCPA). With regard to the second averment, as this

---

[15] Though the court has already addressed the sufficiency of Plaintiff's allegations with regard to the § 1692e claim, this appears to be an admission by Defendant that Plaintiff alleged "conduct" in support of his § 1692e claim, rather than mere "conclusory allegations" and recitations of the elements of the claim, as Defendant argues in its briefs.

court has discussed *supra*, Plaintiff alleges that the collection action contains a false assertion; therefore, by Defendant's own reasoning, the claim should survive its motion to dismiss.

Plaintiff also alleges that Defendant violated §1692f(1), which "prohibits the collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the settlement creating the debt or permitted by law," because it "maintained its allegation of a written agreement to pay despite having neither knowledge of such an agreement nor any intention of taking any reasonable steps to prove the existence of such an agreement." (Doc. 29 at ¶26).

Defendant does not specifically respond to this allegation and offers no reasons why the claim should be dismissed as a matter of law, save for the argument above that any claim under section §1692f must be based on conduct distinct from that which forms the basis of other claims arising under the FDCPA.  Having already concluded that the Eleventh Circuit's holding in *Crawford*, *supra*, negates Defendant's argument; there is no basis to dismiss this claim. Thus, to the extent Plaintiff's FDCPA claim is based on §§1692f and 1692f (1), the motion to dismiss is due to be denied.

### B.     State law claims.

#### 1.     Plaintiff has stated a plausible claim for wanton/willful misconduct.

To establish wantonness, "[a] plaintiff must prove that the defendant, with reckless indifference to the consequences, consciously and intentionally did some wrongful act or omitted some known duty. To be actionable, that act or omission must proximately cause the injury of which the plaintiff complains." *Martin v. Arnold*, 643 So.2d 564, 567 (Ala. 1994).

Plaintiff alleges that the actions taken by Defendant in attempting to collect the alleged debt from him constituted wanton or willful misconduct and that he suffered financial loss and emotional distress as a result. Defendant asserts in response: (1) that Alabama does not recognize a claim for wanton or willful misconduct based on the filing of a lawsuit, (2) that tort liability does not attach when pure economic loss is the only damage alleged, and (3) that Plaintiff has failed to allege any explicit misrepresentation in the underlying state court complaint.

This court finds Defendant's arguments unpersuasive. Numerous courts have found wantonness claims arising out of Alabama state law to be viable in the FDCPA context. *See e.g. Samuels v. Midland Funding, LLC*, 921 F.Supp.2d 1321, 1337 (S.D. Ala. 2013); *Vinson v. Midland Funding, LLC*, 2013 WL 625111 (N.D. Ala. 2013).

Moreover, the court reserves the issue of damages for summary judgment and/or trial, but notes that Plaintiff has alleged emotional distress damages and "Alabama courts have acknowledged that damages for emotional distress or mental anguish alone may be recoverable for wantonness." *Lindsey v. NCO Financial Systems, Inc.*, 2012 WL 3999870 at *4 (N.D. Ala. Sept. 12, 2012).

Finally, as noted above, Plaintiff has alleged the existence of an explicit misrepresentation in the state court complaint. Plaintiff has plausibly stated a claim for wanton/willful misconduct. Accordingly, the motion to dismiss is due to be denied as to the claim for wanton/willful misconduct.

### 2.    Plaintiff has stated a plausible claim for negligent /wanton/reckless hiring/training/supervision.

Plaintiff alleges that Defendant acted negligently and/or wantonly and/or recklessly in the hiring, training, and/or supervision "of it[s] debt collectors by failing to insure [sic] that proper polic[ies] and procedures were implemented to prevent baseless collection suits being filed against persons . . . who [Defendant] knew or should have known did not owe the debt sued on" and that such conduct "resulted in incompetent debt collectors violating . . . laws in attempting to collect alleged debts." (Doc. 29 at ¶¶31-32). Plaintiff further alleges that Defendant "allow[ed] and/or encourage[d] [its] debt collectors/employees to violate Federal and State laws in

attempting to collect alleged debts." (Doc. 29 at ¶ 33).

Defendant asserts in response the same arguments as it did in response to the claim for wanton/willful conduct, with the addition of the argument that because Plaintiff does not allege that an employee of Defendant filed the suit, that Defendant cannot be liable for the same. Please see the discussion, *supra*, regarding the issue of damages and explicit representations in the Second Amended Complaint. Moreover, like the wantonness claim, courts have held that negligent/wanton hiring/training and supervision claims are viable in the FDCPA context. *See e.g. Samuels*, *supra*; *Vinson*, *supra*.

Finally, Defendant appears to mischaracterize Plaintiff's claim, which from the face of the complaint is not that Plaintiff's employees filed the alleged complaint, but that Defendant, through negligent/wanton/reckless hiring, training, and/or supervision, created the conditions under which the complaint was filed— by failing to "[ensure] that proper polic[ies] and procedures were implemented to prevent baseless collection suits being filed against persons . . . who [Defendant] knew or should have known did not owe the debt sued on ...." (Doc. 29 at 31-32). Plaintiff will, of course, have to offer evidence at trial to prove the same, but for the purposes of Defendant's motion to dismiss, Plaintiff's claim survives.

### 3.   Plaintiff has stated a plausible clam for malicious prosecution.

Under Alabama common law, the elements of malicious prosecution in a civil case are as follows: (1) a judicial proceeding initiated by the defendant, (2) the lack of probable case, (3) malice, (4) termination in favor of the plaintiff, and (5) damage. *See Huggins v. Goldstein*, 918 So.2d 934, (Ala. Civ. App. 2005). Plaintiff alleges that Defendant filed a civil action against him, that the civil action was instigated maliciously and without probable cause to believe he owed the debt sued upon, that the civil collection action was terminated in favor of him, and that he suffered damages as a proximate result.  (Doc. 29 at  34-37).

 Defendant asserts that Plaintiff has failed to allege sufficient facts to plausibly satisfy elements two, three, and four.  With regard to elements two and three, Plaintiff has plausibly alleged that Defendant lacked probable cause to bring the state court action against him. Plaintiff's allegations that Defendant knew or should have known he did not owe the debt when it filed the state complaint are sufficient to show a lack of probable cause. Moreover, Plaintiff correctly notes that under Alabama law, malice can be inferred from lack of probable cause.  *See Ex Parte Tuscaloosa County*, 796 So.2d 1100, 1107 (Ala. 2000).

With regard to the fourth element, Plaintiff's allegations must be taken at face

value.  Plaintiff alleges that the underlying state court case was terminated in his favor, as Defendant's attorney unilaterally moved to dismiss the case with prejudice and Plaintiff's attorney did not object. (Doc. 29 at ¶14).  Defendant asks the court to determine that the language of the order dismissing with prejudice the claims against Plaintiff (Doc. 30-3) proves that the case was dismissed due to resolution between the parties, and thus could not have been in Plaintiff's favor. Having taken judicial notice of the order, which states,"Case called. Counsel for parties appeared and announced resolution. Case is dismissed with prejudice," this Court declines to do so.

Defendant cannot show that the state court action was not resolved on terms favorable to Plaintiff. Construing the allegations of the complaint in the light most favorable to Plaintiff, the state court's order's use of "resolution" does not prove the existence of "mutual resolution" or negate Plaintiff's allegation in the Second Amended Complaint that Defendant unilaterally dismissed the state court complaint. The motion to dismiss as to this claim is due to be denied.

## IV.    CONCLUSION AND RECOMMENDATION

Accordingly, for the reasons as stated, it is the **RECOMMENDATION** of the Magistrate Judge that the Defendant's motion to dismiss (Doc. 30) be **DENIED**.

It is also **ORDERED** that the affidavits attached to the Plaintiff's opposition to Defendant's motion to dismiss (Docs. 32-1, 32-2) are **STRICKEN**, for the reasons

set out in Footnote 3, *supra*.

It is **ORDERED** that the parties shall file any objections to the said Recommendation on or before **July 24, 2015.**  Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects.  Frivolous, conclusive or general objections will not be considered by the District Court.  The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982).  *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982).

**DONE** and **ORDERED** this 10th day of July, 2015.


/s/ Paul W. Greene
United States Magistrate Judge

30